Benjamin WILBURN, Plaintiff–Appellant,

v.

EASTMAN KODAK COMPANY, Defendant–Appellee.

Docket No. 98–7858.

United States Court of Appeals, Second Circuit.

Submitted May 14, 1999.

Decided June 25, 1999.

---

(Teddy I. Moore, Law Office of Teddy I. Moore, Flushing, NY, for Plaintiff–Appellant.)

(Eric J. Ward, Patrick J. Solomon, Nixon, Hargrave, Devans & Doyle LLP, Rochester, NY, for Defendant–Appellee.)

Before: PARKER and SOTOMAYOR, Circuit Judges, and WEINSTEIN, District Judge.[*]

PER CURIAM.

■ Appellant sued appellee, his former employer, for employment discrimination under 42 U.S.C. § 2000e *et seq.* and related claims. The jury deliberated for approximately twenty minutes before finding appellee not liable. In denying appellant's motion for a new trial, Judge Siragusa ruled that the length of the jury deliberations did not show that the jury had failed to follow his instruction to give "full and conscientious attention and consideration

[*] The Honorable Jack B. Weinstein, of the United States District Court for the Eastern Dis-

to the issues and evidence." That ruling, which is the sole subject of this appeal, was correct.

■ Initially, the claim that the jury contemptuously or flippantly disregarded its duty in considering a matter submitted to it can be the proper subject of a motion for a new trial. The district court's ruling is reviewed for abuse of discretion. *Segars v. Atlantic Coast Line R.R. Co.*, 286 F.2d 767, 770–71 (4th Cir.1961); *see also Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 983 (3d Cir.1972) (court should not permit a jury verdict to stand where jury acted capriciously).

■ A jury is not required to deliberate for any set length of time. Brief deliberation, by itself, does not show that the jury failed to give full, conscientious or impartial consideration to the evidence. *Ahern v. Scholz*, 85 F.3d 774, 785–86 (1st Cir.1996); *Paoletto*, 464 F.2d at 983; *Marx v. Hartford Accident and Indem. Co.*, 321 F.2d 70, 71 (5th Cir.1963); *Segars*, 286 F.2d at 770.

Accordingly, we AFFIRM the judgment of the district court.