[Cite as *State v. Brown*, 2016-Ohio-4573.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|     Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-21 |
| | : | |
| v. | : | T.C. NO. 14CR267 |
| | : | |
| MICHAELIAN A. BROWN | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
|     Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 24th day of June, 2016.

. . . . . . . . . .

JANE A. NAPIER, Atty, Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
       Attorney for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, 724 Clifton Drive, P. O. Box 10124, Dayton, Ohio 45402
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Michaelian Brown appeals from his convictions for trafficking in cocaine.

Finding no error, we affirm.

## I. Background

{¶ 2} Brown was indicted on three counts of trafficking in cocaine, each a violation of R.C. 2925.03(A)(1) and (C)(4)(a) and each a fifth-degree felony. At a jury trial, the state presented the testimony of four witnesses. A confidential informant testified that three times in 2014 (on January 15, January 30, and March 6) he made controlled buys of a gram-and-a-half to two grams of cocaine from Brown, in Brown's house, in cooperation with the Urbana Police Division. The detective from the Investigation Division who worked with the informant testified generally about how controlled drug buys are conducted and specifically about the buys made from Brown. And the supervisor of the Investigation Division testified about the investigation and controlled buys in this case. Finally, a forensic scientist from the Ohio Bureau of Criminal Investigation testified that what the informant received from Brown in each transaction was in fact cocaine. The defense did not call any witnesses or present any other evidence. The jury returned verdicts of guilty on all three counts, after deliberating for just over an hour.

{¶ 3} The trial court sentenced Brown to three 10-month prison terms and ordered him to serve the terms consecutively. The court also ordered Brown to pay court costs and to pay the fees and expenses of his court-appointed attorney and imposed a total fine of $750.

{¶ 4} Brown appealed.

## II. Analysis

{¶ 5} Brown presents two assignments of error for our review. The first concerns the length of time that the jury deliberated, and the second challenges the trial court's

order that Brown serve the imposed sentences consecutively.

## A. The length of time that the jury deliberated

{¶ 6} The first assignment of error alleges that the trial court erred by accepting the jury's verdicts when the jury had deliberated for only slightly more than an hour. Brown contends that the court should have had the jury reconsider the case.

{¶ 7} The length of time that a jury deliberates is in the discretion of the trial court. *Val Decker Packing Co. v. Treon*, 88 Ohio App. 479, 489, 97 N.E.2d 696 (2d Dist.1950). " '[T]he trial court may, in its discretion, cause the jury to reconsider the case if their decision is so hasty as to indicate a flippant disregard of their duties.' " *Id.*, quoting 64 Corpus Juris, Section 808, at 1019.

{¶ 8} Here, Brown did not ask the trial court to have the jury reconsider the case, nor did he raise any objection to the jury's verdict in the trial court, so plain-error review applies. *See State v. Obermiller*, Slip Opinion No. 2016-Ohio-1594, ¶ 62 ("[W]hen a defendant has not raised an objection at trial, plain-error review applies."). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Accordingly, "[t]o prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights." (Citation omitted.) *Obermiller* at ¶ 62.

{¶ 9} " '[T]he verdict should be the result of sound judgment, dispassionate consideration, and conscientions [sic] reflection * * *.' " *Val Decker* at 489, quoting 64 Corpus Juris, Section 808, at 1019. "Brief deliberation, by itself, does not show that the jury failed to give full, conscientious or impartial consideration to the evidence." *Wilburn v. Eastman Kodak Co.*, 180 F.3d 475, 476 (2d Cir.1999), citing *Ahern v. Scholz*, 85 F.3d

774, 785-786 (1st Cir.1996); *Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 983 (3d Cir.1972); *Marx v. Hartford Accident and Indem. Co.*, 321 F.2d 70, 71 (5th Cir.1963); *Segars v. Atlantic Coast Line R.R. Co.*, 286 F.2d 767, 770 (4th Cir.1961). "There is no statutory provision prescribing the length of time a jury shall deliberate before reaching a verdict." *Val Decker* at 489. *See also Merkl v. Seibert*, 1st Dist. Hamilton No. C-080973, 2009-Ohio-5473, ¶ 50 ("There is no prescribed time that a jury must deliberate."); *Wilburn* at 476 ("A jury is not required to deliberate for any set length of time."). " '[W]here the law does not positively prescribe the length of time a jury shall consider their verdict, they may render a valid verdict without retiring, or on very brief deliberation after retiring * * *.' " *Val Decker* at 489, quoting 64 Corpus Juris, Section 808, at 1019.

**{¶ 10}** In this case, the evidence that the state presented against Brown is uncomplicated and straight forward. An informant testified that he made three controlled buys of cocaine from Brown. Two police officers testified about how the buys were conducted. And a forensic scientist testified that what Brown sold the informant was cocaine. Brown presented no evidence. The entire trial—empaneling the jury, opening and closing statements, jury instructions—took just over a day.

**{¶ 11}** Given the evidence presented, and the absence of anything in the record suggesting a problem, a good reason to think that the jury disregarded its duties is far from obvious. Therefore the trial court did not err by not having the jury reconsider the case.

**{¶ 12}** The first assignment of error is overruled.

### B. Consecutive sentences

**{¶ 13}** The second assignment of error alleges that the trial court erred by ordering

Brown to serve his sentences consecutively. Under R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 14} The relevant statute here, R.C. 2929.14, allows a sentencing court to order consecutive sentences if the court finds (1) that the consecutive service is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public, and (3) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him. R.C. 2929.14(C)(4)(c).

{¶ 15} The trial court here found that before committing the offenses in this case Brown had not committed a criminal act during the previous five years. But the court found that Brown does have a criminal record. He was adjudicated a juvenile delinquent, and after his adjudication, the court found, Brown was not rehabilitated to a satisfactory degree. While he has no prior adult drug convictions, as a juvenile he was convicted of possessing Valium. As an adult, Brown has been convicted for non-drug crimes—burglary

in 1998, for which he served time in prison, and OMVI in 2001. The trial court found that Brown has not responded favorably to the sanctions imposed for his past criminal convictions.

{¶ 16} With respect to the offenses in this case, the trial court found that by selling drugs to another Brown encouraged the buyer to engage in criminal behavior by reselling the drugs or by using them. The court also found that the informant had been harassed because he cooperated with police. The court stressed that it was not saying that Brown was directly involved with the harassment. Rather, said the court, the fact that the harassment occurred showed the seriousness of Brown's criminal conduct.

{¶ 17} As to consecutive sentences, the court found that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger that Brown poses to the public, citing "the repetitive nature of the criminal conduct, as well as the location in the residential neighborhood, and the type of offense committed." (Sentencing Tr. 28). Although the court found that Brown did not commit the worst form of the offense, because no one was hurt and because of the time of day that the offenses occurred (afternoon or early evening), it found that consecutive sentences are necessary to protect the public from future crime by Brown, because the drug sales were indiscriminate and because of his history of criminal conduct.

{¶ 18} Brown contends that consecutive sentences are not appropriate because he did not commit the worst form of the offense and no one was harmed. These are only factors to consider, though; they are not dispositive. We cannot modify or vacate Brown's sentence unless we clearly and convincingly find that the record does not support it. Our review of the record reveals sufficient facts to support Brown's sentence.

**{¶ 19}** The second assignment of error is overruled.

### III. Conclusion

**{¶ 20}** We have overruled each of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.


Copies mailed to:

Jane A. Napier
V. Gayle Miller
Hon. Nick A. Selvaggio