14-2498-cr(L)
*United States of America v. Terry L. Ross, Wanda Kingsley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                14-2498, 14-4292

TERRY L. ROSS, WANDA KINGSLEY,

> *Defendants-Appellants*,

KENNETH MCGUINNESS, HERBERT BURDICK
AKA JUNIOR, GREGORY HENDRICKSON,
ADAM WILLSON,

> *Defendants*.

---

For Defendants-Appellants:                STEPHEN LANCE CIMINO, ESQ. (Ross); LISA A. GILELS,
                                          ESQ. (Kingsley), both of Syracuse, New York

1

For Appellee:                          RAJIT S. DOSANJH, Carl G. Eurenius, Assistant United
                                        States Attorneys, *for* Richard S. Hartunian, United
                                        States Attorney for the Northern District of New York,
                                        Syracuse, New York


**UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Terry L. Ross and Wanda Kingsley appeal from a judgment of conviction of the United States District Court for the Northern District of New York (Suddaby, *C.J.*), entered on February 12, 2014, for conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; conspiracy to possess and distribute a listed chemical, knowing that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841(c)(2), 846; and possession and distribution of a listed chemical, knowing that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2).   Ross and Kingsley also appeal from an order denying their motions for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and for a new trial pursuant to Federal Rule of Criminal Procedure 33, entered June 16, 2014.   Finally, Ross appeals the court's sentence entered June 17, 2014, and Kingsley appeals the court's sentence entered November 5, 2014.   We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal, some of which we discuss briefly below.

I.      **Background**[1]

---

[1]  This background is drawn from the record, including the evidence presented at the three-day jury trial that commenced on February 12, 2014, and in which Ross and Kingsley were found guilty of all charges against them.

In early 2012, the government began an investigation into methamphetamine production and distribution in Central New York. In the illicit production of methamphetamine, individuals known as "smurfers" in the drug trade purchase pseudoephedrine, a decongestant and a key ingredient in the production of methamphetamine, from retail locations. Logs from pharmacies in the Central New York area identified Ross and Kingsley as individuals making more than the authorized number of pseudoephedrine purchases.[2] Evidence presented during the three-day trial showed that Ross and Kingsley, along with other co-defendants, made "smurfing" trips to stores and pharmacies between November 2010 and January 2012. Once Ross and Kingsley acquired the pseudoephedrine, other members of the conspiracy "cooked" it into methamphetamine using lantern fuel and the "shaking" method. Ross and Kingsley sometimes assisted with the cooking process. In return for their smurfing and other assistance, Ross and Kingsley received finished methamphetamine.

Upon their conviction, by jury, of all the charges against them, Ross and Kingsley both filed motions for a judgment of acquittal and for a new trial. The district court denied these motions. The court sentenced Ross principally to 108 months' imprisonment and four years of supervised release. Kingsley was sentenced principally to 70 months' imprisonment and four years of supervised release.

On appeal, Ross and Kingsley challenge the sufficiency of the evidence underlying their convictions, the denial of their motions for judgments of acquittal and a new trial, and the court's

---

[2] Given the drug's utility in methamphetamine production, the sale of pseudoephedrine is regulated, so that while an individual may purchase up to nine grams per month, pharmacies and other retail outlets keep logs of such purchases. *See* Persons Required to Keep Records and File Reports, 21 C.F.R. § 1310.03.

3

decision not to issue a requested jury instruction. They also argue for the first time on appeal that the district court committed both procedural and substantive error at sentencing.

## II. Discussion

We review a defendant's preserved challenge to the sufficiency of the evidence supporting his conviction de novo. *United States v. Pierce*, 785 F.3d 832, 837-38 (2d Cir. 2015). This Court must uphold the jury's verdict so long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review a district court's decision on a defendant's motion for a new trial for abuse of discretion. *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). We review jury instructions de novo, reversing "when the charge, viewed as a whole, constitutes prejudicial error." *United States v. Amato*, 540 F.3d 153, 164 (2d Cir. 2008). Finally, this Court reviews unpreserved procedural challenges to sentences for plain error, *United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007), and challenges to the substantive reasonableness of a sentence for abuse of discretion,[3] *Gall v. United States*, 552 U.S. 38, 52 (2007).

### A. Motions for a Judgment of Acquittal

Ross and Kingsley argue, at the start, that the evidence presented at trial was insufficient to sustain their convictions. We affirm the district court's decision for substantially the reasons stated in its thorough opinion. Viewing the evidence, as required, in the light most favorable to the government, *see United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000), pharmacy logs

---

[3] This Court has "not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not reach the issue here, because, for the reasons stated *infra*, we find no abuse of discretion in the district court's sentences of Ross and Kingsley.

and cooperating witnesses' testimony established that Ross and Kingsley purchased pseudoephedrine with other "smurfers" on multiple occasions. Laurie Burdick, a cooperating witness, testified further that Kingsley shoplifted other items used to manufacture methamphetamine, including batteries. In addition, cooperating witnesses including Burdick and Kenneth McGuinness testified that Ross and Kingsley assisted with the cooking process, either by crushing pills, shaking the bottle, or looking out for police officers or passers-by while the "cook" took place. As the district court stated, the evidence was more than sufficient to support the jury's verdict as to each of the four counts.

As to Count One, Ross and Kingsley urge, in addition, that even assuming the jury determination was otherwise supported by sufficient evidence, a reasonable jury could not have concluded that they participated in a conspiracy involving the manufacture of 50 grams or more of methamphetamine, as the indictment charged. Pursuant to the penalty provisions of 21 U.S.C. § 841(b), defendants may be held responsible for drug quantities in a conspiracy that stem from transactions in which they participated directly and from transactions in which they did not personally participate, where the evidence shows that the defendant knew of the transactions or they were reasonably foreseeable. *United States v. Jackson*, 335 F.3d 170, 181 (2d Cir. 2003). According to pharmacy logs, Ross and Kingsley purchased over 167 grams of pseudoephedrine during the conspiracy. In addition, other co-conspirators admitted to purchasing at least 379 grams of pseudoephedrine during the relevant time period, and Ross and Kingsley sometimes accompanied these co-conspirators on purchasing trips.

To estimate the quantity of methamphetamine that this supply of pseudoephedrine would produce, the government relied upon the testimony of Timothy Peck, a former "smurfer" for McGuinness, one of the co-conspirators. Peck cooked methamphetamine using the "shaking"

5

method, as did the conspiracy members here. He testified that in his experience, using this method with lantern fuel resulted in at least a 50 percent yield (*e.g.*, 2.4 grams of pseudoephedrine would make 1.2 grams of methamphetamine).[4] Based on Peck's testimony, and drawing all inferences in favor of the jury's verdict, the 167 grams of pseudoephedrine that Ross and Kingsley purchased were alone sufficient to "cook" over 50 grams of methamphetamine. Moreover, a reasonable jury could conclude that Ross and Kingsley knew about or could foresee the purchasing trips in which their co-conspirators obtained an additional 379 grams of pseudoephedrine for further methamphetamine production. Thus, we conclude that the evidence was more than ample to support the jury's determination that the conspiracy here involved 50 grams or more of methamphetamine.

## B. Motions for a New Trial

Defendants-Appellees next urge that the district court should have granted them a new trial. When deciding a motion for a new trial under Federal Rule of Criminal Procedure 33, the test is "whether it would be a manifest injustice to let the guilty verdict stand." *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007) (internal quotation marks omitted). "For a trial judge to grant a Rule 33 motion, he must harbor a real concern that an innocent person may have been convicted." *Id.* (internal quotation marks omitted). Ross claims that the jury deliberated for too short a time period to have adequately considered the evidence showing that he had to use pseudoephedrine to treat his allergies. Kingsley argues (a) that the government's cooperating

---

[4] The Defendants-Appellants challenge the admission of Peck's testimony, arguing that he testified as an expert without being admitted as one. They argue that yield rates are scientific matters to which only an expert can testify. We conclude that the district court did not err in admitting Peck's testimony because he was testifying as a lay witness. Peck testified that he used a certain cooking methodology and experienced a certain yield. Peck's mere mention of yield rates "does not render his testimony 'expert'" because it was rationally based on his experience. *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007); *see also* Fed. R. Evid. 701.

witnesses lacked credibility because they provided inconsistent testimony, and (b) that there were no undercover "buys," fingerprint evidence, phone taps, or search warrants in this case. Again, we affirm for substantially the reasons stated by the district court. There is no set time for which a jury is required to deliberate, *Wilburn v. Eastman Kodak Co.*, 180 F.3d 475, 476 (2d Cir. 1999) (per curiam) ("Brief deliberation, by itself, does not show that the jury failed to give full, conscientious or impartial consideration to the evidence."), and Kingsley presents no "extraordinary circumstances" justifying the court's intrusion upon the "jury function of credibility assessment," *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). Moreover, while Kingsley's counsel pointed out at trial the lack of fingerprint evidence, phone taps, and search warrants, the jury was free to convict Kingsley based on the evidence the government did present. *See generally United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (requiring only that "the evidence in its totality" must "demonstrate[] each element of the charged offense beyond a reasonable doubt"). Therefore, we discern no reason to conclude that the district court abused its discretion in denying Kingsley and Ross a new trial.

## C. Denial of Request to Issue Jury Instruction

Ross and Kingsley also contend that the district court erred in declining to give the jury instruction on circumstantial evidence proposed by Ross. In his proposed instruction, Ross sought to have the jury instructed that "[i]f the prosecution's evidence gives equal or nearly equal circumstantial support to competing explanations for an element of a charge, one consistent with the prosecution's theory of guilt but the other an equally plausible innocent reason for the same facts as offered by the defense, then you must necessarily entertain a reasonable doubt as to the truth of an element of the charge and, therefore, find the defendant not guilty." J.A. 34.31-.32. We disagree that the refusal to give this instruction was erroneous.

7

Ross and Kingsley argue that the instruction was required pursuant to this Court's decision in *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002). We disagree, and view *Glenn* as inapposite. As the district court pointed out, *Glenn* did not address jury instructions at all, nor the evaluation of circumstantial evidence in support of discrete elements of a charge. Instead, that case addressed a Rule 29 challenge to the overall sufficiency of the evidence in a case involving no direct evidence of the defendant's guilt. *See id.* at 63 (citing Fed. R. Crim. P. 29). The government's case here included ample direct evidence, as the district court observed, including the testimony of cooperating witnesses that Kingsley and Ross were directly involved in both "smurfing" and in the "cooking" process. The district court instructed the jury that the government bore the burden of proving each element of the four charges beyond a reasonable doubt. It did not err in declining to issue an inapposite instruction, which could only have confused the jury in its evaluation of the evidence.

**D. Reasonableness of the Sentences**

Each defendant contends for the first time on appeal that the district court erred in sentencing. While suggesting that their sentences were substantively unreasonable, both argue principally that their below-Guidelines sentences were procedurally infirm, most specifically because the district court failed to provide an adequate explanation for the difference between the length of their sentences and those of "similarly situated defendants" in this case. We disagree, discerning no error, let alone plain error, in the district court's sentences.

When choosing a sentence, a court is required to consider the factors outlined in 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). This provision, however, applies to nationwide disparities, not "disparities

8

between co-defendants." *See United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013). Moreover, the district court explicitly affirmed its desire to "avoid a significant unwarranted disparity" among the defendants in this case, and in fact varied downwards from the Guidelines range as to both Ross and Kingsley on this basis. J.A. 1725. The court also noted significant differences between Ross, Kingsley, and their co-defendants that justified their different sentences. Ross had an extensive criminal history and "gave less than credible" testimony at trial, J.A. 1703; Kingsley failed to report for mandatory drug-testing on numerous occasions during her pre-trial release; and neither Ross nor Kingsley had accepted responsibility for their roles in the offense. To the extent that Ross and Kingsley claim that the district court failed to give adequate consideration to the other § 3553(a) factors, moreover, this claim is belied by the record. The district court explicitly stated that it considered those factors, including the need to adequately deter criminal conduct, to protect the public from future crimes, and to avoid sentencing disparity. *See* 18 U.S.C. §§ 3553(a)(2)(B)-(C), 3553(a)(6). Finally, to the extent they argue substantive unreasonableness, Ross and Kingsley have failed to show it. A sentence falling within the Guidelines range is substantively "reasonable" in the "overwhelming majority" of cases. *United States v. Jones*, 531 F.3d 163, 178 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007)). Here, Kingsley's sentence was lower than the bottom of her recommended Guidelines range by 27 months, and Ross's was lower by 43 months.[5] Thus, we find no abuse of discretion in the district court's below-Guidelines sentences here.

---

[5] The court calculated the Defendants-Appellants' Guidelines ranges to incorporate a proposed two-level reduction in base offense levels for non-violent drug offenders.

9

## III.    Conclusion

We have considered Kingsley's and Ross's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk