17-3856-cr
*United States v. Estela*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand nineteen.**

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judge*,
> JEFFREY ALKER MEYER,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                          No. 17-3856-cr

ERNESTO ALEQUIN, aka CANO, BUBA JADAMA,
JAMEL FEBUS, aka SHRIMP, ALONZO THOMAS,
JEREMY DELMORAL, DARIUS WRIGHT, YOUSIF
ALHUJAZI, aka JACOB, OPAL BUNCE, MILTON
ORTIZ, SR., MILTON ORTIZ-BURGOS, aka GORDO,

> *Defendants*,

LUIS ESTELA, aka SALUD,

---

[*] Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

*Defendant-Appellant*.

For Defendant-Appellant:                    Stephen Lance Cimino, Cimino Law Offices,
                                            Syracuse, NY.

For Appellee:                               Paul D. Silver, Assistant United States
                                            Attorney, *for* Grant C. Jaquith, United States
                                            Attorney for the Northern District of New
                                            York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Luis Estela appeals from a judgment of conviction entered on November 17, 2017, by the United States District Court for the Northern District of New York (Suddaby, *C.J.*), after a jury found him guilty of conspiracy to possess with the intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846. Estela also appeals from an order dated June 19, 2017, denying his motion to suppress post-arrest statements and an order dated October 25, 2017, denying his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and for a new trial pursuant to Federal Rule of Criminal Procedure 33. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Suppression Motion

Estela argues that his post-arrest statements to the arresting officer should have been suppressed as he did not receive *Miranda* warnings prior to making the statements. "On appeal from a denial of a suppression motion, we review a district court's findings of fact for clear error,

and its resolution of questions of law and mixed questions of law and fact *de novo*." *United States v. Gomez*, 877 F.3d 76, 85 (2d Cir. 2017).[1] We "pay special deference to the district court's factual determinations going to witness credibility." *Id.*

The Supreme Court's decision in *Miranda v. Arizona* requires law enforcement to advise a suspect that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed" in order to safeguard the privilege against self-incrimination. 384 U.S. 436, 444 (1966). A statement made by the accused "during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived *Miranda* rights when making the statement." *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010). At an evidentiary hearing on Estela's motion to suppress, both the arresting officer and Estela's codefendant, who was present at the time of Estela's arrest, testified consistently that Estela was provided with *Miranda* warnings twice before he made a statement, and that Estela indicated that he understood those rights. The district court found both witnesses credible based on their demeanor, their consistency, and the detailed nature of their testimony, and found Estela's testimony that he never received his *Miranda* rights to be less credible in comparison. Accordingly, the district court found that Estela had received his *Miranda* warnings and knowingly and voluntarily waived his *Miranda* rights prior to making a statement. We decline to second-guess the district court's credibility determination underlying this decision.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

## II.     Denial of Request to Issue Jury Instruction

Estela argues that the district court erred in declining to give the jury instruction on circumstantial evidence proposed by Estela. This Court reviews a challenge to jury instructions *de novo*, but reverses only upon a finding that the instructions, taken as a whole, prejudiced the defendant. *United States v. Finazzo*, 850 F.3d 94, 105 (2d Cir. 2017). "The defendant bears the burden of showing that the requested instruction accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced." *United States v. Rutigliano*, 790 F.3d 389, 401 (2d Cir. 2015).

Estela sought to have the jury instructed that it "could not draw an inference against the Defendant Luis Estela unless if [sic] found (1) the fact from which the inference was drawn was proven beyond a reasonable doubt and (2) the inference itself was established beyond a reasonable doubt." App. 32 (capitalization omitted). Estela argues that the instruction was required pursuant to this Court's decision in *United States v. Triumph Capital Group*, 544 F.3d 149 (2d Cir. 2008), which he argues stands for the principle that all facts underlying inferences and all inferences must be proven beyond a reasonable doubt. However, *Triumph* holds merely that the "court must . . . be satisfied that the inferences are *sufficiently supported* to permit a rational juror to find that the element [of the offense], like all elements [of the offense], is established beyond a reasonable doubt." *Id.* at 159 (emphasis added). Moreover, *Triumph* was addressing a Rule 29 challenge to the overall sufficiency of evidence in a case, not jury instructions.

The district court properly instructed the jury that the government bore the burden of proving each element of the charge beyond a reasonable doubt, and clearly instructed the jury as to the appropriate standard for evaluating circumstantial evidence. Moreover, the government's

4

case consisted primarily of direct evidence, including the testimony of four cooperating witnesses that they observed Estela packaging heroin on multiple occasions. The district court did not err in declining to issue the inapposite instruction proposed by Estela.

### III. Motion for a Judgment of Acquittal

Estela argues that the district court erred in denying his Federal Rule of Criminal Procedure 29 motion for acquittal as the evidence presented at trial was insufficient to sustain his conviction. This Court reviews a district court's denial of a Rule 29 motion addressing the sufficiency of the evidence *de novo*. *United States v. Klein*, 913 F.3d 73, 78 (2d Cir. 2019). In challenging the jury's verdict, the Rule 29 movant "bears a heavy burden because we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Pierce*, 785 F.3d 832, 838 (2d Cir. 2015). This Court must uphold the jury's verdict so long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). We affirm the district court's decision for substantially the same reasons stated in its opinion.

To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government was required to prove that Estela knowingly and willfully agreed with at least one other person to possess with intent to distribute heroin as alleged in the indictment. *See, e.g.*, *United States v. Anderson*, 747 F.3d 51, 60-61 (2d Cir. 2014). Four co-conspirators testified that they knew Estela as a fellow participant in the heroin trafficking organization, personally witnessed Estela engaging in activities such as packaging heroin or receiving heroin, and heard from Estela that he acted as a lookout during heroin sales. One law enforcement officer testified that Estela admitted his involvement in the organization after arrest. Another law enforcement officer testified that he

5

recognized Estela from a surveillance photograph of the area where heroin sales were made. Estela challenges the credibility of some of the witnesses, but credibility determinations are the province of the jury, not this Court on appeal. *See United States v. James*, 239 F.3d 120, 124 (2d Cir. 2000) ("[T]he credibility of witnesses is the province of the jury and we simply cannot replace the jury's credibility determinations with our own."). We conclude that the evidence was more than sufficient to support the jury's verdict.

### IV.    Motion for a New Trial

Estela argues that the district court should have granted him a new trial pursuant to Federal Rule of Criminal Procedure 33. This Court reviews a district court's denial of a Rule 33 motion for a new trial for abuse of discretion, finding error only if the district court's decision rested on an error of law or clearly erroneous factual finding, or if the decision otherwise "cannot be located within the range of permissible decisions." *United States v. Forbes*, 790 F.3d 403, 406 (2d Cir. 2015). When deciding a motion for a new trial under Federal Rule of Criminal Procedure 33, "the test is whether it would be a manifest injustice to let the guilty verdict stand." *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). "For a trial judge to grant a Rule 33 motion, he must harbor a real concern that an innocent person may have been convicted." *Id.* Estela relies primarily upon *United States v. Lopac*, 411 F. Supp. 2d 350 (S.D.N.Y. 2006), to argue that his motion for a new trial should be granted, even if his motion for acquittal is properly denied, because of the marginal evidence of his membership in the charged conspiracy. However, in *Lopac*, "[t]he most important item of evidence in the case was [a] summary chart" that "was materially misleading in grossly overstating [the defendant's] involvement, knowledge and intentions" when the defendant was in fact "on the outermost fringes of a conspiracy, her knowledge was limited . . . , and she evidenced intentions inconsistent with joining a

6

conspiracy." *Id.* at 368. In this case, by contrast, as discussed above, there was substantial direct evidence of Estela's participation in the conspiracy.

In addition, Estela argues that the jury deliberated for too short a time to have adequately considered the evidence. But there is no set time for which a jury is required to deliberate. *See Wilburn v. Eastman Kodak Co*., 180 F.3d 475, 476 (2d Cir. 1999) (per curiam) ("Brief deliberation, by itself, does not show that the jury failed to give full, conscientious or impartial consideration to the evidence."). Accordingly, we see no reason to conclude that the district court abused its discretion in denying Estela a new trial.

## V.      Reasonableness of Sentence

Estela argues that the sentence imposed by the district court was procedurally unreasonable because there was an inadequate factual basis for the court's determination that he was responsible for 194 grams of heroin and, accordingly, for the calculation of his base offense level. "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017). However, there was sufficient factual basis for the district court's calculation of 194 grams of heroin as the amount reasonably foreseeable to Estela. Four co-conspirators testified that they observed Estela packaging heroin, and defendant Milton Ortiz, Sr., at whose home the heroin packaging occurred, testified that he saw Estela packaging heroin 2-3 times per week from the beginning of June until the end of July. Defendant Ernesto Alequin, the leader of the drug distribution organization, testified that roughly 50 to 100 grams of heroin were packaged for resale at a time, every other day. Accordingly, the district court reasonably found the probation office's estimate that 194 grams

7

of heroin was foreseeable to Estela, based on an estimate that he worked for 18 days in the conspiracy, to be "conservative and appropriate" as a basis for calculating Estela's base offense level. App'x. 580.

Estela also argues that the sentence imposed by the district court was substantively unreasonable, emphasizing the non-violent nature of his offense and his history of substance abuse and mental illness. This Court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We find error only if the sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009).

Here, the district court did not abuse its discretion by imposing on Estela a sentence at the very bottom of the Guidelines range, considering his criminal history and refusal to accept responsibility for his conduct after the extensive evidence of his guilt at trial. Accordingly, we conclude that the sentence the district court imposed, including a term of imprisonment of 51 months, was within the range of permissible decisions.

We have considered all of Estela's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8