19-101-cr
*United States of America v. Raymond Bowman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

Present:

    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,
    JOSEPH F. BIANCO,
      *Circuit Judges*,

---

UNITED STATES OF AMERICA,

    *Appellee*,

   v.             19-101

RAYMOND BOWMAN,

    *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | HEATHER E. ROSS, Sheehey Furlong & Behm P.C. (Alexandrea L. Nelson, Sheehey Furlong & Behm P.C. *on the brief*), Burlington, Vermont |
| For Appellee: | WENDY L. FULLER, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney *on the brief*), for Christina E. Nolan, United States Attorney for the District of Vermont |

1

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Raymond Bowman appeals from an August 27, 2018 final judgment of the United States District Court for the District of Vermont (Reiss, *J.*) pursuant to which Bowman was convicted, based on his guilty plea, for maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). Bowman was sentenced to 15 months of imprisonment and one year of supervised release. His underlying conduct involved permitting a series of drug dealers to stay in the home he shared with his elderly mother in exchange for drugs and money. Bowman also performed errands for the dealers, would sometimes be the primary point of contact for customers looking to buy from the dealers, and admitted to selling some of the drugs to customers. At least three drug users who were present or purchased or used drugs at Bowman's home overdosed, two of those died, and one in the house itself. J.A. at 54–56. Prior to sentencing, and as part of Bowman's plea agreement, the government filed a motion for departure under U.S.S.G. § 5K1.1 for substantial assistance. In its sentencing papers, the government endorsed a term of imprisonment below the applicable Guidelines range of 51 to 63 months. J.A. at 24. Bowman, in turn, filed a motion for a downward departure for extraordinary rehabilitation due to his performance in substance abuse treatment, and a downward variance based on treating the weight of cocaine base as equivalent to the weight of cocaine powder, rather than the 18:1 ratio which the Sentencing Guidelines suggest. *Id.* at 11. Bowman asked the district court to impose a sentence of time served. *Id.*

At the sentencing hearing, the district court noted that the applicable Guidelines range was 51 to 63 months. *Id.* at 28. The court granted the government's motion for a downward departure due to substantial assistance, but following presentations from the defense and the government, the district court held that a downward departure for extraordinary rehabilitation was not warranted.

As to the question of imposing a sentence which was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a), the district court noted that "in the mitigating category" was the fact that Bowman was an addict, not a dealer, and that he had no involvement with firearms. J.A. at 62–63. In the "aggravating category" was the fact that Bowman was an adult, had a criminal history, hosted a "ton of people," and was "undeterred" by witnessing the overdoses and the effect the drugs were having on the community. *Id*. at 63–64. The district court then stated that it had "[run] the crack-to-powder ratio, and it significantly takes down the drug quantity to the 15-to . . . [21] month sentencing range." *Id*.

The district court concluded by agreeing with the government that "some term of incarceration [was] appropriate in light of the seriousness of the offense." *Id*. at 66. The district court stated that it had "decided on the least amount of time [it] thought that the facts warranted [while] fully acknowledging that if I do a one-to-one ratio, a 15-to-21-month sentence really takes down what was originally calculated as a 51 to 63 months [sentence]." *Id*. The district court concluded by stating that it had "determined that a 15-month sentence, with credit for time served, followed by a one-year term of supervised release . . . is a sufficient, but not greater than necessary, sentence." *Id*.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

3

*    *    *

On appeal, Bowman raises two broad arguments. First, Bowman argues that the district court abused its discretion by denying Bowman a downward departure for extraordinary rehabilitation. Second, Bowman argues that the district court erred by failing to apply a 1:1 crack-cocaine ratio prior to applying the § 5K1.1 departure for substantial assistance or, in the alternative, that the district court failed to sufficiently explain its decision and thus committed procedural error.

## I.    Extraordinary Rehabilitation

Bowman argues that the district court erred in refusing to downwardly depart in recognition of his extraordinary rehabilitation. However, "[a]s was true when the Guidelines were mandatory, we have held in the post-*Booker* sentencing regime that a refusal to downwardly depart is generally not appealable, and that review of such a denial will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Cuevas*, 496 F.3d 256, 267–68 (2d Cir. 2007) (internal quotation marks and citation omitted). In his opening brief, Bowman does not suggest that the district court misapprehended the scope of its authority to depart for extraordinary rehabilitation. Indeed, such an argument is foreclosed by the transcript, which shows that the district court explicitly considered and rejected the downward departure for extraordinary rehabilitation. *See* J.A. at 59 (noting that the district court did not find Bowman's rehabilitation "extraordinary" or worthy of a "departure under the [G]uidelines"). Under *Cuevas*, then, Bowman's challenge is unreviewable.

In his reply brief, Bowman characterizes this challenge as going to the "substantive reasonableness" of the sentence, Reply Br. at 15; however, even if viewed as a substantive reasonableness challenge, Bowman's still argument fails. "We review a sentence for procedural

4

and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This court's "review of a sentence for substantive reasonableness is particularly deferential[,] . . . identifying as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted).

The sentence in this case is not so "shockingly high." *Broxmeyer*, 669 F.3d at 289. First, Bowman's rehabilitation efforts, while substantial, were not without blemish; the district court noted his positive test for cocaine while out on pretrial supervision. J.A. at 59. Second, the district court characterized this case as a "dangerous situation" and a "fairly egregious [fact] pattern" due to the deaths, human trafficking, and violence associated with the dealers Bowman allowed to operate from his house. *Id.* at 37–38. Third, the district court here entered a sentence of 15 months, substantially below the 33 to 41 months sentence reached after the § 5K1.1 departure was applied to the original Guidelines range of 51 to 63 months. *See id.* at 36, 66. Although there is no presumption that a sentence within the Guidelines range is reasonable, this court has stated "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Here the district court gave extensive

5

consideration to Bowman's rehabilitation efforts and the "mitigating" and "aggravating" aspects of his conduct when imposing a sentence that was substantially below the Guidelines range.  *See* J.A. at 62–66.   In such circumstances, Bowman's sentence was not substantively unreasonable.

**II.    Order of Sentencing and Adequate Explanation**

**A. Standard of Review**

Because Bowman did not challenge the order in which the district court applied the U.S.S.G. § 5K1.1 departure and 1:1 crack-cocaine ratio below, we review the district court's actions for plain error.   *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).   "Under plain error review, the court must first find an obvious error that affects substantial rights . . . [t]hen, the court may use its discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings."   *Id.* (citation and internal quotation marks omitted).   On appeal, Bowman urges us to apply the "relaxed form of plain error review" which we applied in *United States v. Matta*, 777 F.3d 116, 121–22 (2d Cir. 2015) (internal quotation marks omitted). The government argues that the relaxed form of plain error review is only available in cases involving challenges to conditions of supervised release.   Appellee Br. at 18 n.3.   However, it makes little difference which standard of review applies here as, under either standard, Bowman's argument is unavailing.[1]

---

[1]  It is true that all cases which apply our "relaxed" form of plain error review appear to involve conditions of supervised release.   *See, e.g., Matta,* 777 F.3d at 121.   However, we have also stated broadly that "there is no need to apply the plain error doctrine in the sentencing context with precisely the same procedure that has been used in the context of review of errors occurring at trial, whether civil or criminal."   *United States v. Williams,* 399 F.3d 450, 457 (2d Cir. 2005); *see also United States v. Gamez,* 577 F.3d 394, 401 n.3 (2d Cir. 2009) (declining to address whether relaxed plain error review applies to all "unpreserved sentencing claims").   Because the result here is the same under either approach, we need not reach the question of how broadly this standard applies.

**B. Merits**

On appeal, Bowman argues that the "real" Guidelines range for his conduct was 15 to 21 months, the applicable range if the crack weight ascribed to Bowman was treated as an equivalent weight of cocaine. Bowman argues that the district court should thus have given him credit for his substantial assistance and departed downward from the 15-to-21-month range instead of departing downward from the 18:1 crack-cocaine Guidelines range of 51 to 63 months. Bowman's argument fails for two reasons.

First, U.S.S.G. § 1B1.1(a)-(c) outlines, in express language, the order which district courts are to proceed when following the Sentencing Guidelines. *See also Gall*, 552 U.S. at 49–51 (generally describing the order in which a district court should proceed when applying the Guidelines after *United States v. Booker*, 543 U.S. 220 (2005)). First, the district court calculates the Guidelines range, and second, the district court applies any departures (including § 5K1.1 departures for substantial assistance), only then considering § 3553(a) factors, which includes the relevant crack-cocaine ratio. *See* U.S.S.G. § 1B1.1(a)-(c). While the Guidelines are no longer mandatory post-*Booker*, 543 U.S. at 227, the district court clearly understood its discretion to depart from the Guidelines, citing specifically to *Booker*, *Gall,* and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), when announcing its sentence. Thus, it was not an error, much less an "obvious error," *Green,* 618 F.3d at 122, for the district court to follow the order suggested by the Guidelines.

Second, the transcript makes clear that the district court would have settled on a sentence of 15 months' imprisonment regardless of the order in which the variances and departures were applied. The district court conducted a thorough review of the "aggravating" and "mitigating" facts of Bowman's case. *See* J.A. at 62–66. The court concluded this discussion by stating that

7

a 15-month sentence was "sufficient, but not greater than necessary." *Id*. at 66. Because the district court concluded that a 15-month sentence was appropriate in light of the particular facts of his case, Bowman cannot show that the alleged error affected his substantial rights under either a plain error standard of review or a relaxed form of plain error review. *See Green*, 618 F.3d at 122.

Ultimately the district court made clear at sentencing that it had selected what it believed to be an appropriate sentence in light of the facts of this case. J.A. at 62–66. It offered reasons for this sentence and was clear about why this sentence served the goals which the Guidelines lay out. *See id.* Moreover, it undertook the sentencing process in a manner fully consistent with the order provided for in the Guidelines. *See* U.S.S.G. § 1B1.1(a)-(c). It was not plain error, or relaxed plain error, to take the course which the district court followed here. And for these same reasons, Bowman's argument that the district court failed adequately to explain the reasons for its sentence fails. *See United States v. Genao,* 869 F.3d 136, 142 (2d Cir. 2017) (stating that "[t]here is no requirement that a judge imposing a sentence provide lengthy or elaborate explanations of the often multiple aggravating and mitigating factors about the offense and the offender, or the precise weight assigned by the court to the various, sometimes competing policy considerations relevant to sentencing.").

We have considered Bowman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk