18-2255-cr
*United States v. Saunders*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

 **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.**

Present:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge*,
　　　　GERARD E. LYNCH,
　　　　　　*Circuit Judge*,
　　　　LEWIS A. KAPLAN,
　　　　　　*District Judge*.[*]

---

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　No. 18-2255-cr

PHILLIP SAUNDERS, EZ, aka DIRTY PHIL,

　　　　　*Defendant-Appellant*. [1]

---

For Defendant-Appellant:　　　　　　JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, New York.

---

 [*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

 [1] The Clerk of Court is directed to amend the caption as above.

1

For Appellee:                                    MICHAEL R. MAFFEI, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Phillip Saunders appeals from a judgment of conviction entered on July 24, 2018, by the United States District Court for the Eastern District of New York (Feuerstein, *J.*), upon plea of guilty to one count of discharging firearms during crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Saunders argues that the sentence imposed by the district court of 144 months' imprisonment was procedurally unreasonable. "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017).[2] As Saunders failed to raise any procedural

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, emphases and citations.

objections during sentencing, we review for plain error. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012).

While the Guidelines range calculated by the Probation Department and accepted by the district court differed from the estimate in Saunders's plea agreement,[3] the district court clearly stated the Guidelines range. There was no dispute at sentencing as to the correctness of the Guidelines range calculation, nor does Saunders dispute it on appeal.[4] The district court was also clear that it had considered the § 3553(a) sentencing factors. Contrary to Saunders's arguments, a district judge need not "recite every 3553(a) argument advanced by a defendant." *United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016). "Rather, we presume that the judge properly considered the sentencing factors even in the absence of protracted discussion pertaining to each of the factors and all of the defendant's contentions." *Id.*

Saunders argues that the district court improperly considered his age in sentencing him to 144 months' imprisonment, rather than the 120 months' imprisonment that his codefendants received, and, in doing so, created an impermissible sentencing disparity between him and his codefendants. However, the district court permissibly found that Saunders's codefendants, both of whom were close to ten years younger than he is, were entitled to a downward departure because of their youth that Saunders, who was 31 years old at the time of sentencing, could not claim. *See United States v. Singh*, 877 F.3d 107, 117 n.5 (2d Cir. 2017) (recognizing youth as a

---

[3] The plea agreement calculated Saunders's Guidelines range as 120 months' imprisonment. However, Probation subsequently determined that Saunders was a career offender, which raised the Guidelines range to 262-327 months' imprisonment.

[4] Defense counsel initially disputed the Probation Department's application of the career offender enhancement but abandoned that dispute at sentencing after the Probation Department's further explanation of its calculation, arguing at sentencing that a Guidelines sentence would be too high, not that the Guidelines range as calculated was incorrect.

mitigating factor); U.S.S.G. § 5H1.1 (youth relevant in determining whether a downward departure is warranted). Granting a lower sentence to one codefendant based on a mitigating factor that another codefendant does not possess is not a penalization of the other, as we do not "equate the possibility of leniency with impermissible punishment." *United States v. Parker*, 903 F.2d 91, 105 (2d Cir. 1990). Moreover, "a disparity between non-similarly situated co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)." *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006)*, abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). The district court distinguished between Saunders and his codefendants based on his age, criminal history, and role in the offense.[5]

Saunders also argues that the sentence imposed by the district court is substantively unreasonable, primarily reiterating his objection that his codefendants received lower sentences. This Court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We find error only if the sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009). "It is therefore difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011).

---

[5] The PSR, which the district court adopted, indicates that two people were seriously injured in the shooting that was the basis for Saunders' convictions, while Saunders's codefendants were convicted only of participating in shootings in which no one was injured. While one of Saunders's codefendants was also a career offender with the same Guidelines range, the district court noted that that defendant was the youngest of the three in explaining its downward departure in his sentence.

Here, the district court did not abuse its discretion by imposing on Saunders a sentence of 144 months' imprisonment, well below the Guidelines range of 262 to 327 months, considering his age, criminal history, and offense conduct. Accordingly, we conclude that the sentence the district court imposed was within the range of permissible decisions.

We have considered all of Saunders's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk