No. 20-2281
*U.S. v. Gonzalez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
>> *Circuit Judges*,
> ERIC KOMITEE,
>> *District Judge.*\*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                              No. 20-2281

JAZMIN C. GONZALEZ,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:                    Molly K. Corbett, Assistant Federal Public
                                            Defender, Office of the Federal Public
                                            Defender, Albany, NY.

_____

\* Judge Eric Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                          Carina H. Schoenberger, Assistant United
                                       States Attorney, *for* Antoinette T. Bacon,
                                       Acting United States Attorney for the
                                       Northern District of New York, Syracuse,
                                       NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for resentencing consistent with this order.

Jazmin C. Gonzalez appeals from the District Court's judgment insofar as it principally sentenced her to two, 46-month, concurrent terms of imprisonment, to be followed by a six-year term of supervised release.[1] Gonzalez contends that the sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to remand.

Gonzalez first argues that the District Court imposed a procedurally unreasonable sentence by failing sufficiently to state its reasons for the 46-month sentence as required by 18 U.S.C. § 3553(c). For the following reasons, we agree, and, on plain error review, we identify such error. We therefore remand for resentencing. In light of this disposition, we do not reach Gonzalez's substantive reasonableness challenge.

Section 3553(c) requires that, "at the time of sentencing, [the district court] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). A district court commits procedural error (among other ways) by failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

---

[1] On December 5, 2019, Gonzalez waived indictment and pled guilty to a two-count information charging one count of possession of a firearm and ammunition after a felony conviction, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of distributing heroin and cocaine, *see* 21 U.S.C § 841(a)(1), (b)(1)(C). She was sentenced on July 6, 2020.

*See generally United States v. Genao*, 869 F.3d 136, 140-43 (2d Cir. 2017). In imposing a sentence, the court must make an individualized assessment based on the facts presented and explain its choice. *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). When "a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Id.* at 119.[2] The district court must, however, "provide *some* oral account of its reasoning that would permit an understanding of how [it] weighed the relevant considerations and selected the sentence imposed." *Id.* at 120; *see also United States v. Molina*, 356 F.3d 269, 276 (2d Cir. 2004) (noting that district court's sentencing explanation must "permit meaningful appellate review of the enhancement the district court imposed").

Adopting a defendant's presentence investigation report ("PSR") in open court has in some circumstances been held to satisfy § 3553(c)'s requirement of an in-court explanation—for example, when the PSR's factual findings are sufficient to support the sentence and the findings relied on are evident. *See United States v. Carter*, 489 F.3d 528, 539-40 (2d Cir. 2007); *Molina*, 356 F.3d at 276-77. Still, the district court must orally provide a sufficient basis for the defendant or a reviewing court "to determine why the district court did what it did." *Carter*, 489 F.3d at 540. Simply adopting the PSR on the record is not adequate without some commentary about what facts in the PSR drove the sentence imposed. *See United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) ("[A]doption of the PSR does not suffice if the PSR itself does not state enough facts to permit meaningful appellate review."). A sentencing court may not "blindly rest on the existence of the Guidelines," *United States v. Villafuerte*, 502 F.3d 204, 212 (2d Cir. 2007), or rely on "the defendant, the public, and appellate courts" to infer "the rationale for a particular sentence." *Genao*, 869 F.3d at 141-42.

Here, the District Court stated that its sentencing decision was based on a "thorough[]" review of the record and told Gonzalez that it deemed the sentence "sufficient, but not greater than necessary to meet the goals of sentencing" based on Gonzalez's history, characteristics, and background. App'x at 55-56. It further stated that it had

---

[2] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

3

considered "everything" in Gonzalez's "whole life, good and bad." *Id.* at 56. Without any commentary, it adopted the "factual information and the guidelines applications as contained in [the PSR]." *Id.* at 54.

This was not enough. Although a legally adequate explanation need clear only "a low threshold," *Rosa*, 957 F.3d at 119, and although the court need not always "mention the required factors, much less explain how each factor affected the court's decision," *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006), the District Court's brief statement here provides no analysis and points to nothing about Gonzalez or her crime of conviction by way of explaining the sentence. We and Gonzalez alike are left with an insufficient basis to determine why the District Court imposed two 46-month sentences, to run concurrently.

On review, we conclude that this is error that is obvious and plain; that affects Gonzalez's substantial rights; and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Rosa*, 957 F.3d at 117-18. As to the last factor, we rely on the Supreme Court's comment about the § 3553(c) requirement: "A public statement of those reasons [for imposing a sentence] helps provide the public with the assurance that creates that trust" in the judicial institution. *Id.* at 121 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Maintaining that trust is of critical importance.

We therefore remand for resentencing.

* * *

For the reasons set forth above, we REMAND the case to the District Court with instructions to VACATE the sentence first imposed and to conduct resentencing proceedings in compliance with 18 U.S.C. § 3553(c).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court