20-2246-cr (L)
United States v. Griffin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of October, two thousand twenty-one.

PRESENT:

> **PIERRE N. LEVAL,**
> **ROBERT D. SACK,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee,*

  v.               **20-2246 (Lead)**
                 **20-2272 (Con)**

JOSEPH GRIFFIN, AKA Corey,

   *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | DAVID T. HUANG (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, Connecticut. |
| **FOR DEFENDANT-APPELLANT:** | BRIAN A. JACOBS, Morvillo Abramowitz Grand Iason & Anello P.C., New York, New York. |

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Joseph Griffin appeals from two judgments entered on July 8 and July 9, 2020, stemming from a plea agreement in which Griffin pled guilty to one count of possession with intent to distribute, as well as distribution of, fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and admitted to a violation of his supervised release conditions. The district court (Shea, *J.*) sentenced Griffin to a total of 138 months' imprisonment and five years' supervised release. Specifically, the court sentenced Griffin to 120 months' imprisonment for his substantive offense and a consecutive 18-month term for his supervised- release violation. On appeal, Griffin argues that his combined term of imprisonment is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a district court's sentencing decisions for reasonableness." *United States v. Bryant*, 976 F.3d 165, 179 (2d Cir. 2020). This includes "both 'an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness).'" *Id.* (quoting *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009)). In this context, our review "is akin to a deferential abuse-of-discretion standard." *Id.* (quoting *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011)).

1. Procedural Reasonableness

"A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Traficante*, 966 F.3d 99, 102

(2d Cir. 2020) (alteration in original) (quoting *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017)). When the defendant fails to object to procedural error below, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). In that case, the defendant "must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights[]; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Bastian*, 770 F.3d 212, 219–20 (2d Cir. 2014) (internal quotation marks and citation omitted). Griffin alleges that the district court committed various procedural errors that require resentencing. We disagree.

First, Griffin contends that the district court clearly erred in finding that Griffin knew the substance he sold was fentanyl. But Griffin's presentence report ("PSR") contained ample facts to support a reasonable inference that Griffin knew what he was selling. For example, the PSR reflected that at his presentence interview, Griffin "acknowledged responsibility for possessing with intent to distribute and distributing fentanyl." The PSR also stated that the price of fentanyl in Hartford, Connecticut—where the offense took place—was between three and four dollars, significantly less than the price of heroin. Moreover, the PSR listed items found in Griffin's home, including a digital scale, gloves, and sandwich bags, and it described his criminal history, which included numerous drug offenses. It was thus entirely reasonable for the court to conclude that Griffin knew he was selling fentanyl. The alternative possibility that an experienced drug dealer was selling what he believed to be heroin significantly below its market price was far less likely. *See United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015) ("We give due deference to district court sentencing decisions, taking into account totality of circumstances." (internal quotation marks and citation omitted)). The district court was entitled to credit these facts.

3

Further, we reject Griffin's argument that the district court erred by failing to articulate the facts justifying its finding. We have consistently held that "[w]hile a district court must make findings with sufficient clarity to permit meaningful appellate review, this obligation may be satisfied by explicitly adopting the factual findings set forth in a defendant's presentence report." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (internal quotation marks, alterations, and citations omitted). The district court did so here.

Second, Griffin argues that the district court committed procedural error by stating that repeat offenders should be sentenced to longer terms of imprisonment than for their prior convictions. Griffin did not object at sentencing to what the district court referred to as the need for "incremental sentencing" here, so we review for plain error. We find none. The district court did not treat the "incremental sentencing" principle as a rule but rather as an often helpful idea. App'x at 253 ("I am a judge who generally, not in all cases, but generally believes in something called incremental sentences . . . ."). The district court tied this principle into its analysis of the section 3553(a) factors, explaining that "when earlier sentences are not getting the message across, are not successful in protecting the public, then the Court at least has to consider imposing more time to fulfill those goals." *Id.*; *see* 18 U.S.C. § 3553(a)(2)(C) (the court must consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"). And the district court did not plainly err in how it weighed this factor in its sentencing decision.

Third, Griffin seeks resentencing based on the district court's miscalculation of the Guidelines range for his supervised-release violation. The parties agree that the district court erroneously calculated a higher Guidelines range of 33 to 36 months for this violation, as opposed to the applicable range of 21 to 27 months. Griffin never objected, so we review only for plain error.

4

In *Molina-Martinez v. United States*, the Supreme Court held that "[a] district court that 'improperly calculat[es]' a defendant's Guidelines range . . . has committed a 'significant procedural error.'"  136 S. Ct. 1338, 1346 (2016) (alterations in original) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  Griffin is correct that under *Molina-Martinez*, "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome" for purposes of plain-error review.  *Id.*  But the Supreme Court did not adopt a categorical rule and instead reinforced that whether a defendant is prejudiced by a miscalculation depends on the facts and circumstances.  Specifically, it noted that "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist" and explained that "a reviewing court must consider the facts and circumstances of the case before it."  *Id.*

Here, the record demonstrates that the district court did not base its sentence on the incorrectly calculated Guidelines range, and stated at sentencing that the time imposed was warranted regardless of the Guidelines range.  While the district court found that the erroneous Guidelines range "would be reasonable under the circumstances," it decided to vary downward while emphasizing that a court should "impose a total sentence . . . at least somewhat greater than what was imposed previously."  App'x at 262.  Specifically, the court had already sentenced Griffin to 120 months on the fentanyl-related count, the same sentence Griffin received for his prior conviction.  The court thus ultimately imposed 18 months on the supervised-release violation to arrive at "a total effective sentence . . . of 138 months," which it found, "in [its] view," to be "the *absolute minimum* the Court should reasonably impose here."  *Id.* (emphasis added).  The record therefore makes clear that the district court found the 18-month sentence to be the lowest it would impose on the supervised-release violation.  The court's mistake as to the

5

Guidelines range had no effect on the sentence chosen. The mistake thus did not affect Griffin's substantial rights and did not satisfy the plain error test.

Lastly, Griffin asserts that it is "unclear whether the sentencing judge understood that he could make a so called 'horizontal departure' from the Career Offender Guideline and adopt a lower criminal history category." *United States v. Preacely*, 628 F.3d 72, 80 (2d Cir. 2010). The court did not imply, however, that its ultimate sentencing decision would have changed if it had used a different criminal history category. *See id.* at 82. To the extent that Griffin asserts that the district court never ruled on his request for departure, that is incorrect. The district court effectively denied this request when it stated that "the career offender guideline ends up in a place that is about where I would end up . . . . even if the career offender guideline did not apply." App'x at 253. Further, even though a district court "is not obliged to give reasons for refusing to depart," *United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016) (internal quotation marks and citation omitted), the court carefully reviewed Griffin's criminal history and found no reason to discount it. In short, the district court's "decision not to depart downward is within [its] broad discretion and rarely reviewed on appeal," and we find no procedural error here. *Id.* (internal quotation marks omitted).

2.  Substantive Reasonableness

To establish substantive unreasonableness, the defendant must demonstrate that a sentence "'cannot be located within the range of permissible decisions' available to a sentencing court." *United States v. Messina*, 806 F.3d 55, 65–66 (2d Cir. 2015) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). "[W]e will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64

(2d Cir. 2020) (internal quotation marks and citation omitted).

Griffin contends that his aggregate 138-month sentence, arising from selling $60 worth of fentanyl, is "shockingly high" and therefore substantively unreasonable. We disagree. Griffin's PSR outlined his extensive criminal history, which included two serious felonies that triggered the Guidelines' career offender enhancement, U.S.S.G. § 4B1.1. The district court also carefully analyzed the section 3553(a) factors, weighing both mitigating and aggravating circumstances. Given the facts of this case, the district court's sentencing decision was not outside the range of permissible decisions. Griffin has failed to demonstrate that his below-Guidelines sentence was substantively unreasonable.

We have considered Griffin's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the district court's judgments.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court